1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11  RICARDO MEJIA,                          )  NO. CV 12-10781-VBF (MAN)
                                            )
12              Petitioner,                 )
                                            )
13       v.                                 )  ORDER DISMISSING PETITION
                                            )  AS SECOND OR SUCCESSIVE
14  DANIEL PARAMO - WARDEN (RJDCF),         )  AND DENYING A CERTIFICATE
                                            )  OF APPEALABILITY
15              Respondent.                 )
                                            )
16  _____ )

17

18       Petitioner, a California state prisoner, filed a habeas petition,

19  pursuant to 28 U.S.C. § 2254, on December 18, 2012 ("Petition").   The

20  Petition is the second habeas petition filed by Petitioner in this Court

21  stemming from his 2002 conviction and 2003 sentence in Los Angeles

22  Superior Court Case No. BA235662 (the "State Conviction").

23

24       Under the Rules Governing Section 2254 Cases in the United States

25  District Courts, a habeas petition filed by a prisoner in state custody

26  "must" be summarily dismissed "[i]f it plainly appears from the petition

27  and any attached exhibits that the petitioner is not entitled to relief

28  in the district court. . . ."  Rule 4, 28 U.S.C. foll. § 2254.  For the

Case 2:12-cv-10781-VBF-MAN   Document 3   Filed 01/02/13   Page 2 of 6   Page ID #:67

1  reasons set forth below, the Petition must be, and is, DISMISSED as

2  second or successive, pursuant to 28 U.S.C. § 2244(b).

3

4  <center>**BACKGROUND**</center>

5

6  On March 16, 2005, Petitioner filed a Section 2254 habeas petition

7  in Case No. CV 05-1907-VBF (MAN) (the "First Action"). The First Action

8  petition arose out of the same State Conviction on which the present

9  Petition is based. The First Action petition raised two claims, which

10  alleged that: (1) the evidence was insufficient to support Petitioner's

11  conviction for the assault on victim Smith, to establish that a bullet

12  from the gun Petitioner fired killed anyone, and to establish that, if

13  Petitioner did shoot victim Hines, Petitioner's culpability was not

14  negated or reduced by self-defense and/or heat of passion (First Action

15  Petition at 5, 20-38, and 56-63); and (2) the trial court erred by

16  failing to give a heat of passion defense instruction to the jury,

17  denying Petitioner his right to a jury trial and due process (First

18  Action Petition at 5, 39-44, and 64-69). The First Action was resolved

19  adversely to Petitioner on the merits, and habeas relief was denied by

20  Judgment dismissing the First Action, with prejudice, entered on July

21  22, 2008. Petitioner appealed, and the Ninth Circuit denied a

22  certificate of appealability on May 26, 2009 (Case No. 08-56251).[1]

23

24  The instant Petition alleges two claims challenging the state

25  courts' refusal to grant Petitioner habeas and/or mandamus relief with

26  _____

27  [1]    Pursuant to Rule 201 of the Federal Rules of Evidence, the
Court has taken judicial notice of its records and files, as well as the
dockets for the United States Court of Appeals for the Ninth Circuit
28  available electronically through the PACER system.

<center>2</center>

1 | respect to the restitution and fines imposed by the state trial court in
2 | 2003, as part of Petitioner's sentence for the State Conviction.   In
3 | Ground One, Petitioner contends that the state trial court's denial of
4 | Petitioner's habeas petition violated due process, because Petitioner
5 | was entitled to the requested relief, that is, to the modification of
6 | his 2003 sentence, because the trial court did not follow proper
7 | procedures when it imposed the mandatory restitution and fine amounts as
8 | part of Petitioner's sentence. Petitioner also appears to contend that
9 | his counsel provided ineffective assistance by failing to adequately
10 | oppose the imposition of such restitution and fines.   In Ground Two,
11 | Petitioner contends that the orders of the California Court of Appeal
12 | and the California Supreme Court denying Petitioner's habeas petition
13 | violated due process, because both state courts improperly relied on
14 | state procedural bars in denying relief. Petitioner asks this Court to:
15 | reject the state courts' imposition of procedural bars; consider his
16 | claims on their merits; and modify Petitioner's 2003 sentence by
17 | reducing the amount of the restitution and fines imposed by the state
18 | trial court, namely, from $32,000.00 to $200.00.

20 | A review of the Ninth Circuit dockets shows that Petitioner has not
21 | sought or obtained leave to file a second or successive Section 2254
22 | habeas petition in this Court.

24 | **DISCUSSION**

26 | State habeas petitioners generally may file only one federal habeas
27 | petition challenging a particular state conviction and/or sentence.
28 | *See, e.g.*, 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented

3

1   in a second or successive petition when that claim was presented in a

2   prior petition) and § 2244(b)(2) (with several exceptions not applicable

3   here, courts must dismiss a claim presented in a second or successive

4   petition when that claim was not presented in a prior petition).   "A

5   habeas petition is second or successive . . . if it raises claims that

6   were or could have been adjudicated on the merits" in an earlier Section

7   2254 petition.  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

8

9       In those instances when Section 2244(b) provides a basis for

10  pursuing a second or successive Section 2254 habeas petition, state

11  habeas petitioners seeking relief in this district court must *first*

12  obtain authorization from the Ninth Circuit before filing any such

13  second or successive petition.   28 U.S.C. § 2244(b)(3).   The Ninth

14  Circuit "may authorize the filing of the second or successive [petition]

15  only if it presents a claim not previously raised that satisfies one of

16  the two grounds articulated in § 2242(b)(2)."  Burton v. Stewart, 549

17  U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

18

19      By the First Action, Petitioner sought Section 2254 relief based on

20  the same State Conviction at issue here, and his habeas petition was

21  resolved adversely to him on its merits.   His present challenge to the

22  validity of the restitution and fines imposed in connection with his

23  State Conviction does not rest on newly-discovered evidence or a new

24  rule of constitutional law.[2] Accordingly, the current Petition is second

25  _____

26      [2]    Moreover, the claims alleged in the Petition are not
    cognizable.  Petitioner's contention that the state courts violated due
27  process by the manner in which they denied him habeas relief cannot be
    considered, because it is well-established that federal habeas relief is
28  not available to redress errors in state post-conviction proceedings.

4

1 | or successive within the meaning of Section 2244(b).[3]

2 |

3 |     As Petitioner has not obtained permission from the Ninth Circuit to

4 | bring a second or successive petition, this Court lacks jurisdiction to

5 | consider the instant Petition.  28 U.S.C. § 2244(b); *see also* <u>Burton</u>,

6 | 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to

7 | consider the merits of a second or successive petition absent prior

8 | authorization from the circuit court).  Accordingly, IT IS ORDERED that:

9 | the Petition is DISMISSED; and Judgment shall be entered dismissing this

10 |

11 | _____

12 | <u>Franzen v. Brinkman</u>, 877 F.2d 26, 26 (9th Cir. 1989)(*per curiam*)("a petition alleging errors in the state post-conviction review process is not addressable through [federal] habeas corpus proceedings"); *see also*

13 | <u>Ortiz v. Stewart</u>, 149 F.3d 923, 939 (9th Cir. 1998)(federal habeas relief is not available to redress alleged procedural errors in state

14 | post-conviction proceedings"); <u>Gerlaugh v. Stewart</u>, 129 F.3d 1027, 1045 (9th Cir. 1997)(errors committed during state post-conviction

15 | proceedings are not cognizable in a federal habeas action); <u>Villafuerte v. Stewart</u>, 111 F.3d 616, 632 n.7 (9th Cir. 1997)(claim that petitioner

16 | "was denied due process in his state habeas corpus proceedings" was not cognizable on federal habeas review).  An attack on a petitioner's state

17 | post-conviction proceedings "is an attack on a proceeding collateral to the detention and not the detention itself."  <u>Nicholas v. Scott</u>, 69 F.3d

18 | 1255, 1275 (5th Cir. 1995).  "Errors or defects in the state post-conviction proceeding do not . . . render a prisoner's detention

19 | unlawful or raise constitutional questions cognizable in [federal] habeas corpus proceedings."  <u>Williams v. Missouri</u>, 640 F.2d 140, 143-44

20 | (8th Cir. 1981).

21 |     Even if Petitioner's claims are treated as substantive attacks on the restitution/fines aspect of his 2003 sentence and his counsel's

22 | related performance, they nonetheless are not cognizable, because the Court lacks jurisdiction to consider them.  The federal habeas statute

23 | does not provide jurisdiction over a claim challenging a state court's restitution order and/or counsel's performance related to the entry of

24 | such an order, even when the petitioner is incarcerated.  *See* <u>Bailey v. Hill</u>, 599 F.3d 976, 980 (9th Cir. 2010)(the federal habeas statute's "in

25 | custody" requirement is not met when a petition alleges that counsel was ineffective based on a failure to object to a restitution order; Section

26 | 2254 does not confer jurisdiction over a state prisoner's challenge to the non-custodial portion of his sentence, such as a restitution order).

27 |

28 | [3]     The instant Petition also appears to be substantially untimely.

1 | action without prejudice.

2

3 | In addition, pursuant to Rule 11(a) of the Rules Governing Section
4 | 2254 Cases in the United States District Courts, the Court has
5 | considered whether a certificate of appealability is warranted in this
6 | case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-
7 | 85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a
8 | certificate of appealability is unwarranted, and thus, a certificate of
9 | appealability is DENIED.

10

11 | IT IS SO ORDERED.

12

13 | DATED: _____.

14

15 | 1/2/2013

                        _____
                        VALERIE BAKER FAIRBANK

16 |                         UNITED STATES DISTRICT JUDGE

17 | PRESENTED BY:

18

19 | _____
      MARGARET A. NAGLE

20 | UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28